IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KIMLYN WHITTED,

      Plaintiff

      v.

CASE NO.:

CIOX HEALTH, LLC, Foreign
Limited Liability Company

      Defendant.

_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, KIMLYN WHITTED (hereinafter referred as "Plaintiff"), files suit against CIOX HEALTH, LLC, (hereinafter referred as "Defendant") and in support of states as follows:

### INTRODUCTION

1. This is a disability discrimination and retaliation case brought by Plaintiff, pursuant to the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*, as amended by the ADA Amendments Act of 2008 ("ADA") and Florida Statute § 440.205 to recover from Defendant for back pay, an equal amount of liquidated damages, other monetary damages, equitable relief, reasonable attorneys' fees and costs, and all other fair and justifiable relief under the law.

2. Florida Statute §440.205 prohibits retaliation against employees who file workers' compensation claims. Florida Statute §440.205 states in

pertinent part that "No employers shall discharge, threaten to discharge, intimate, or coerce any employee by reasons of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law.

3. Defendant's violations of the ADA and the § 440.205 Florida Statute were willful and perpetrated with malice or reckless indifference to the law(s).

4. Plaintiff seeks all remedies available in law and equity including but not limited to: judgement in her favor and against Defendant; payment of lost wages, salary, employment benefits and other compensation denied (including front and back pay); actual monetary losses sustained as a direct result of Defendant's violations; pre-judgement interest; liquidated damages; compensatory damages; punitive damages; injunctive relief; and reasonable attorney's fees, expert witness fees and costs pursuant to 42 U.S.C. §12101, *et seq*. and § 440.205

## JURISDICTION

5. The acts and omissions giving rise to this action occurred in Orange County, Florida.

6. Plaintiff was employed by Defendant in Orange, Florida.

7. Defendant is and was at the time of all incidents described herein, operating in and out of Orange County, Florida.

2

8. This is an action at law raises a federal question under federal law, specifically the ADA. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331.

9. Additionally, this Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. §1367.

10. Plaintiff has satisfied all administrative prerequisites to perfect her claim. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the EEOC issued a notice of right to sue attached hereto and marked as **Exhibit A**. Plaintiff brings this suit within ninety (90) days of receipt of her notice of right to sue.

## VENUE

11. Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to the claims occurred within this District.

## PARTIES

12. Plaintiff was hired by Defendant in January 23, 2019.

13. Plaintiff was a devoted employee and continued to work for Defendant through December 17, 2019.

14. At all times material, Plaintiff was an "employee" of Defendant as defined by 42 U.S.C. § 1211(4) and a "qualified individual" as defined by 42 U.S.C. § 1211(8).

15. Plaintiff is protected by the ADA because she suffers from physical injuries, therefore, either:

    a) Was suffering "a physical or mental impairment that substantially limits one or more her major life activities," as envisioned by 42 U.S.C. § 12102 (1)(A);

    b) Had "a record of such an impairment" because of her required medical leave, as envisioned by 42 U.S.C. § 12101(1)(B); or

    c) Was "regarded as having such an impairment," as envisioned by 42 U.S.C. § 12101(1)(C).

16. Defendant is a Foreign Profit Corporation which operates a company focusing on health information management.

17. At all times material, Defendant was an "employer" as defined by 42 U.S.C. § 12111(5)(a) as well as a "covered entity" as defined by 42 U.S.C. § 12111(2).

18. In 2018, Defendant had 15 or more employees for each working day in each of the 20 or more calendar weeks.

19. In 2019, Defendant had 15 or more employees for each working day in each of the 20 or more calendar weeks.

20. At all times relevant, Defendant was engaged in an industry affecting commerce.

21. At all times relevant, Defendant was engaged in an activity affecting commerce.

22. At all times relevant, Defendant was an "employer" as defined by 42

U.S.C. § 1211(5).

## FACTUAL ALLEGATIONS

23. Plaintiff was hired by Defendant on or about January 23, 2019.

24. Plaintiff worked for Defendant as Medical Billing Processor until the end of her employment of December 17, 2019.

25. On or about August 2019, Plaintiff injured her lower back on the job while she was working for the Company.

26. Plaintiff lifted a five gallon of water to place on the water cooler and felt sharp pain that traveled from the neck to the lower back.

27. This injury was immediately reported to the Company.

28. Plaintiff requested benefits through the Company's workers compensation plan.

29. After being treated for the injury, Plaintiff was placed on restrictive or light duty.

30. Plaintiff's restrictions substantially affected her lifestyle activities because she could not lift anything over 10 pounds.

31. Plaintiff was an exceptional employee with no complaints or bad reviews.

32. Defendant terminated Plaintiff on December 17, 2019, alleging that she was clocking into work early from her phone.

33. Defendant violated Plaintiff's statutory rights to be free of disability

discrimination and retaliation in the workplace by: (1) terminating Plaintiff in retaliation; and/or (2) by failing to provide Plaintiff with, or even engage in any meaningful dialogue regarding, a reasonable accommodation.

34. At the time of her termination Plaintiff was qualified for her position.

35. At the time of her termination Plaintiff was able to perform the essential functions of her job.

36. Defendant terminated Plaintiff for exercising her rights under Florida Workers' Compensation law.

37. Defendant's actions constitute discrimination in violation of the ADA.

38. Defendant's actions constitute retaliation in violation of the ADA.

## COUNT I
## RETALIATION IN VIOLATION OF THE ADA

39. Plaintiff realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1 through 38 above.

40. Plaintiff's disability was disclosed to Defendant.

41. Upon information and belief, Defendant's conduct, was, in whole or in part, motivated by Plaintiff's disability.

42. As a natural, proximate and foreseeable result of Defendant's actions, Plaintiff has suffered damages, including but not limited to lost wages

and benefits, future pecuniary losses, mental anguish, loss of dignity, and other intangible injuries.

43. The conduct of Defendant's management was in such reckless disregard of Plaintiff's federal statutory rights against retaliation as to entitle Plaintiff's to recover an award of punitive damages to punish Defendant and to deter it and others from such conduct in the future.

44. The retaliation Plaintiff suffered, in violation of her federal statutory right to be free from such retaliation, constitutes irreparable harm for which there is no adequate remedy at law.

45. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses against Defendant.

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment:

    a) Permanently enjoining Defendant, its officers, agents, servants, employees and all other persons in active concert or participation with it, from violating the provisions of 42 U.S.C. § 12101, as amended, as to Plaintiff;

    b) judgment against Defendant for the back pay and benefits to which Plaintiff would have been entitled but for Defendant's retaliatory acts;

    c) judgment against Defendant for compensatory damages;

    d) judgment against Defendant for punitive damages;

    e) Plaintiff her costs, including a reasonable attorneys' fee,

pursuant to 42 U.S.C. §§ 2000e-5(k), 12205 and 12117;

f) Plaintiff equitable relief in the form of an additional set-off for any negative tax consequences incurred by Plaintiff as the result of any damage award entered in her favor in this action; and

g) Granting such other and further relief as the Court deems just.

## COUNT II
## PERCEIVED DISABILITY IN VIOLATION OF THE ADA

46. Plaintiff realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1 through 38 above.

47. Plaintiff was perceived as disabled by Defendant.

48. Defendant discriminated/retaliated against Plaintiff because of her disability in violation of the ADA-AA.

49. Defendant had actual or constructive knowledge of the discriminatory/retaliatory conduct of Plaintiff's supervisors.

50. Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

51. Defendant's discriminatory/retaliatory acts and omissions occurred, at least in part because of Plaintiff's disability/perceived disability.

52. Defendant's conduct violated Plaintiff's right to be free from discrimination/retaliation as guaranteed by the ADA-AA.

53. As a direct, natural, proximate and foreseeable result of the action of Defendant, Plaintiff has suffered injuries for which she is entitled to

compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

54. Defendant's violations of the ADA-AA were willful.

55. Plaintiff is entitled to recover attorney's fee and costs pursuant to 42 U.S.C. 1981a(a)(3).

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment:

  a) Permanently enjoining Defendant, its officers, agents, servants, employees and all other persons in active concert or participation with it, from violating the provisions of 42 U.S.C. § 12101, as amended, as to Plaintiff;

  b) judgment against Defendant for the back pay and benefits to which Plaintiff would have been entitled but for Defendant's retaliatory acts;

  c) judgment against Defendant for compensatory damages;

  d) judgment against Defendant for punitive damages;

  e) Plaintiff her costs, including a reasonable attorneys' fee, pursuant to 42 U.S.C. §§ 2000e-5(k), 12205 and 12117;

  f) Plaintiff equitable relief in the form of an additional set-off for any negative tax consequences incurred by Plaintiff as the result of any damage award entered in her favor in this action; and

  g) Granting such other and further relief as the Court deems just.

## COUNT III
## VIOLATION OF FLORIDA STATUTE §440.205 RETALIATION FOR PURSUING A CLAIM UNDER WORKERS' COMPENSATION LAW

53. Plaintiff realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1 through 38 above.

54. Defendant intentionally retaliated against Plaintiff after she was injured on the job, sought medical attention, and filed a valid claim for Workers' Compensation Benefits.

55. Plaintiff was retaliated against and discharged for Plaintiff's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law of the State of Florida, said retaliation and discharge being in direct violation of Section §440.205, Florida Statutes.

56. As a result of said retaliation and discharge, Plaintiff has suffered damages, including but not limited to loss of earnings, loss of ability to earn money, and mental anguish. The losses have occurred in the past and will continue in the future.

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment:

    a) Compensatory Damages for pain, suffering, mental anguish, loss of enjoyment of life; and

    b) Compensation for lost wages, benefits and other remuneration; and

  c) Any other relief deemed appropriate by the Court.

## JURY DEMAND

Plaintiff hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

DATED this 18th day of February, 2021,

       Respectfully submitted,

       ***s/ Bruce A. Mount***
       Anthony J. Hall
       FL Bar No. 40924
       Bruce Mount, Esq.
       FL Bar No. 88754
       THE LEACH FIRM, P.A.
       631 S. Orlando Avenue, Suite 300
       Winter Park, FL 32789
       Telephone: (407) 574-4999 ext. 416
       Facsimile: (833) 813-7512
       Email: ahall@theleachfirm.com
       Email: bmount@theleachfirm.com
       Email: yhernandez@theleachfirm.com

       ***Attorneys for Plaintiff***